**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PRIME EQUIPMENT FINANCE, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROBERTO BELLEGARRIGUE DMD, P.A. D/B/A NORTH TAMPA DENTISTRY, and ROBERTO BELLEGARRIGUE,**<br><br>**Defendants.** | **Case No. 3:26-CV-00175-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff Prime Equipment Finance, LLC's Motion for Default Judgment. (Doc. 15). Having been fully informed of the issues presented, and for the reasons stated below, Plaintiff's Motion for Default Judgment is **GRANTED**.

## Relevant Factual and Procedural Background

Prime Equipment Finance, LLC ("Prime Equipment") filed the instant action to recover the alleged unpaid balance on a written equipment finance agreement between Prime Equipment and Defendant Roberto Bellegarrigue DMD, P.A. d/b/a North Tampa Dentistry ("NTD"), the payment obligations under which Defendant Roberto Bellegarrigue personally guaranteed. (Doc. 1). NTD was served with a copy of the Complaint and Summons on March 2, 2026, (Doc. 11), and Bellegarrigue was personally served on April 29, 2026. (Doc. 12). Neither Defendant filed an answer or

any other responsive pleadings. (*See* Doc. 13). On September 15, 2026, Prime Equipment moved for entry of default against NTD and Bellegarrigue. (Doc. 13). The Clerk of Court entered default against NTD and Bellegarrigue on September 15, 2026. (*See* Doc. 14). Prime Equipment filed the instant motion on September 15, 2026. (Doc. 15).

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 55 covers the entry of default judgment, which proceeds in two stages. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The district court may then enter default judgment pursuant to Rule 55(b)(2). *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (citing FED. R. CIV. P. 55(b)(2)). "When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages." *Id.* (citing FED. R. CIV. P. 8(b)(6); *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020) (affirming entry of default judgment)).

## ANALYSIS

Prime Equipment has shown that the Defendants were properly served and failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Upon Prime Equipment's presentation of such failure by affidavit, the Clerk of

Court properly entered default against NTD and Bellegarrigue. (*See* Docs. 13, 14). It is therefore appropriate for this Court to enter a default judgment against NTD and Bellegarrigue.

## CONCLUSION

Accordingly, Plaintiff Prime Equipment Finance, LLC's Motion for Default Judgment is **GRANTED**. Default Judgment is entered against Defendants Roberto Bellegarrigue DMD, P.A. d/b/a North Tampa Dentistry and Roberto Bellegarrigue, jointly and severally, and in favor of Plaintiff Prime Equipment Finance, LLC in the amount of **$263,410.00**, plus prejudgment interest at the contracted rate of 18% per annum totaling **$39,230.05**, costs of **$905.00**, and attorney fees of **$1,534.00** for a total Default Judgment of **$305,079.05**.

**IT IS SO ORDERED.**

**DATED: September 24, 2026.**

**STEPHEN P. McGLYNN**
**U.S. District Judge**